UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| In re: | § | Honorable Jack B. Schmetterer |
|---|---|---|
| | § | |
| IRMEN, WALTER | § | Case No. 07-03103 |
| | § | Hearing Date: October 29, 2009 |
| Debtor | § | Hearing Time: 10:30 a.m. |

NOTICE OF TRUSTEE'S FINAL REPORT AND
APPLICATIONS FOR COMPENSATION
AND DEADLINE TO OBJECT (NFR)

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that JAY A. STEINBERG, TRUSTEE, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:
Clerk of the U.S. Bankruptcy Court
No. District of Illinois, Eastern Div.
219 S. Dearborn Street
7th Floor
Chicago IL 60604

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 20 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held:
at 10:30 a.m.
on October 29, 2009
in Courtroom 682, U.S. Courthouse
219 S. Dearborn St., Chicago, IL

If no objections are filed, upon entry of an order on the fee applications, the Trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: _____       By: Kenneth S. Gardner
                                      Clerk of U.S. Bankruptcy Court

JAY A. STEINBERG, TRUSTEE
35 EAST WACKER, SUITE 1550, CHICAGO, IL 60601-0000

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| In re: | § | Honorable Jack B. Schmetterer |
|---|---|---|
| | § | |
| IRMEN. WALTER | § | Case No. 07-03103 JBS |
| | § | Hearing Date: October 29, 2009 |
| Debtor | § | Hearing Time: 10:30 a.m. |

## SUMMARY OF TRUSTEE'S FINAL REPORT
## AND APPLICATIONS FOR COMPENSATION

| | | |
|---|---|---|
| *The Final Report shows receipts of* | $ | 10,753.15 |
| *and approved disbursements of* | $ | 21.06 |
| *leaving a balance on hand of*[1] | $ | 10,732.09 |

Claims of secured creditors will be paid as follows:

*Claimant*                                        *Proposed Payment*
_____   $_____

Applications for ch. 7 fees and admin. expenses have been filed and will be allowed pro rata as follows:

| *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|
| *Trustee: JAY A. STEINBERG, TRUSTEE* | $ 530.95 | $ 0.00 |
| *Attorney for trustee: ARNSTEIN & LEHR LLP* | $ 10,154.66 | $ 46.48 |
| *Appraiser:* | $ | $ |
| *Auctioneer:* | $ | $ |
| *Accountant:* | $ | $ |
| *Special Attorney for trustee:* | $ | $ |
| *Charges:* | $ | $ |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (9/1/2009) *(Page: 2)*

|  | Reason/Applicant | Fees | Expenses |
|---|---|---|---|
| Fees: | _____ | $_____ | $_____ |
| Other: | _____ | $_____ | $_____ |
| Other: | _____ | $_____ | $_____ |

Applications for prior chapter fees and administrative expenses have been filed as follows:

|  | Reason/Applicant | Fees | Expenses |
|---|---|---|---|
| Attorney for debtor: | _____ | $_____ | $_____ |
| Attorney for: | _____ | $_____ | $_____ |
| Accountant for: | _____ | $_____ | $_____ |
| Appraiser for: | _____ | $_____ | $_____ |
| Other: | _____ | $_____ | $_____ |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 304,034.01 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent.

Timely allowed general (unsecured) claims are as follows:

UST Form 101-7-NFR (9/1/2009) *(Page 3)*

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| 000002A | LaSalle Bank National Association | $ 38,136.82 | $ 0.00 |
| 000003 | ELECTRO RENT CORP. | $ 1,211.63 | $ 0.00 |
| 000004 | MICHIGAN SAFETY PRODUCTS FLINT | $ 1,068.80 | $ 0.00 |
| 000005 | LVNV Funding LLC assignee of Citibank | $ 677.76 | $ 0.00 |
| 000006 | FEHER RUBBISH REMOVAL | $ 408.65 | $ 0.00 |
| 000008 | UNITED FIRE GROUP | $ 1,713.00 | $ 0.00 |
| 000009 | SCHOENBERG FISHER NEWMAN & ROS | $ 22,695.51 | $ 0.00 |
| 000010 | American Express Bank FSB | $ 15,591.83 | $ 0.00 |
| 000011 | American Express Centurion Bank | $ 1,335.20 | $ 0.00 |
| 000012 | American Express Bank FSB | $ 4,798.44 | $ 0.00 |
| 000013 | SUMMIT FINANCIAL RESOURCES LP | $ 216,396.37 | $ 0.00 |

* Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

The amount of surplus returned to the debtor after payment of all claims and interest is $ 0.00.

Prepared By: /s/Jay A. Steinberg
Chapter 7 Trustee

*JAY A. STEINBERG, TRUSTEE*
*35 EAST WACKER, SUITE 1550, CHICAGO, IL 60601-0000*

STATEMENT: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.